**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

DENNIS MURPHY, as Personal
Representative of the Estate of Dominic
Jelks, deceased,

Plaintiff,

v.

1:26-cv-01958-MIS-SCY

CORECIVIC OF TENNESSEE; HEALTH
SERVICES ADMINISTRATOR ELIZABETH
CARAVEO, in her individual capacity and in
her official capacity; WARDEN MARK
FOREMAN, in his individual capacity and in
his official capacity; and JOHN DOES 1-10 in
their individual and official capacities,
(employees, staff, agents of CoreCivic of
Tennessee),

Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND TO STATE COURT AND DENYING FEES AND COSTS**

**THIS MATTER** is before the Court on Plaintiff Dennis Murphy's, as Personal Representative of the Estate of Dominic Jelks, deceased, Motion to Remand to State Court, ECF No. 7, filed July 16, 2026. Defendants Health Services Administrator Elizabeth Caraveo and Warden Mark Foreman (collectively, "Removing Defendants") filed a Response, ECF No. 20, on August 24, 2026, to which Plaintiff filed a Reply, ECF No. 23, on September 15, 2026. Upon review of the Parties' submissions, the record, and the relevant law, the Court **GRANTS** the Motion to Remand to State Court and **DENIES** Plaintiff's Request for Fees and Costs.

## I. Background

Plaintiff filed a Complaint in the First Judicial District Court for the County of Santa Fe, New Mexico, against Defendants CoreCivic of Tennessee,[1] Health Services Administrator ("HSA") Elizabeth Caraveo, Warden Mark Foreman, and John Does 1-10. ECF No. 1-1. The Complaint generally alleges that Defendants failed to provide adequate medical care to Mr. Jelks while in custody at the CoreCivic Cibola County Correctional Center which resulted in his death by suicide. ECF No. 1-1 at 2–3. The Complaint contains three causes of action: Count I alleges medical malpractice pursuant to N.M. Stat. Ann. (1978) § 41-5-1 et seq.; Count II alleges negligence; and Count III alleges negligent hiring, training, and supervision.

On June 17, 2026, Removing Defendants filed a Notice of Removal invoking federal question jurisdiction under 28 U.S.C. § 1441(a) and 28 U.S.C. § 1442(a)(1). ECF No. 1 at 1. Therein, Removing Defendants assert that as employees of CoreCivic, a contractor of Cibola County providing services to the County under its contract with the United States Marshals Service (among other Intergovernmental Service Agreements), they acted under the direction of a federal officer within the meaning of 28 U.S.C. § 1442(a)(1). *Id.* at 4–5.

On July 16, 2026, Plaintiff filed the instant Motion to Remand which included a request for fees and costs. *See generally*, ECF No. 7. Removing Defendants filed a Response on August 24, 2026, ECF No. 20, to which Plaintiff filed a Reply on September 15, 2026, ECF No. 23. In the Response, Removing Defendants did not oppose remand, instead only opposing Plaintiff's request for fees and costs. ECF No. 20 at 1. Thus, the issue of remand is unopposed.

---

[1] CoreCivic of Tennessee ("CoreCivic") waived service on July 23, 2026, ECF No. 16, and has a deadline to file a Reponse to the Complaint of September 21, 2026.

**II. Legal Standard and Discussion**

Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." However, the Supreme Court has limited the circumstances in which a court may order fees and costs, stating: "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). In addition, the Tenth Circuit has affirmed denial of attorneys' fees "where the defendant 'had a fair basis for removing the case.'" *Martin v. Franklin Cap. Corp.*, 393 F.3d 1143, 1146 (10th Cir. 2004) (quoting *Daleske v. Fairfield Cmtys., Inc.*, 17 F.3d 321, 324 (10th Cir. 1994)), *aff'd* 546 U.S. 132 (2005).

Plaintiff argues that the Court should award costs and fees because Removing Defendants lacked an objectively reasonable basis for seeking removal. ECF No. 7 at 25–26. In support of its argument, Plaintiff identifies three issues with Removing Defendants' removal: (1) the holding of *Board of County Commissioners of Boulder County v. Suncor Energy (U.S.A.) Inc.*, 25 F.4th 1238 (10th Cir. 2022), that closely regulated contractors are not "acting under" federal officers such as to meet the § 1442(a) standard unless federal officers delegate authority and exercise guidance or control; (2) the holding of *GEO Group v. Menocal*, 607 U.S. 438 (2026) which held that *Yearsley v. W.A. Ross Construction Company*, 309 U.S. 18 (1940) provides a defense to liability rather than immunity from suit; and (3) the correction of HSA Caraveo's licensure, *see* ECF No. 5-1.

Removing Defendants argue that they did articulate an objectively reasonable basis for removal. *See generally*, ECF No. 20. Responding to Plaintiff's key argument, Removing Defendants further argue that there is no direct, controlling authority holding that Removing

Defendants could not remove this case to federal court based on § 1442(a)(1) jurisdiction. *Id.* at 2–3. Removing Defendants directly addressed both *Suncor Energy* and a 2026 decision from this District that considered, and did not find, federal officer jurisdiction for employees of this same facility on the contracts relevant in this case. *Id.* at 2–3 n.2 (discussing *Montoya v. Bd. of Cnty. Comms. for Cibola Cnty.*, No. 1:25-cv-00503-GJF-JMR, 2026 WL 811569 (D.N.M. Mar. 24, 2026)).

Here, the Court cannot find that removal was objectively unreasonable. Although directly analyzing the issues regarding removal present in this case, *Montoya* provides one answer, considering a limited scope of arguments and facts, to a novel question regarding "§ 1442(a)(1)'s application to an indirect, pass-through contractual relationship involving a federal agency and a private entity." 2026 WL 811569 at *8. With this question still unanswered by binding authority, the Court finds that a removal that requires additional consideration of *Suncor Energy*'s "acting under" test as it applies to pass-through contracts between the federal government and private entities is an objectively reasonable, fair basis for removal in this case. Furthermore, the Court notes that Removing Defendants did not contest remand in their Response. Consequently, the Court denies Plaintiff's request for fees and costs.

## III. Conclusion

Accordingly, it is **HEREBY ORDERED** that:

1. Plaintiff's Motion to Remand, ECF No. 7, is **GRANTED** in **PART** consistent with this order;
2. This case is **REMANDED** to the First Judicial District Court for the County of Santa Fe, New Mexico; and

**3.** The Clerk shall take all necessary steps to effectuate this remand and **CLOSE** this case.

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE